# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| ESTATE OF TOMAS MELENDEZ, JR., ) <br> TOMAS MELENDEZ, SR., LUZ MELENDEZ, ) <br> GERARD FREEMAN, YESSENIA VIERA, ) <br> MANUEL VIERA, JR., and ) <br> TOMAS MELENDEZ, IV, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> GOVERNMENT OF THE V.I., POLICE ) <br> OFFICERS OF THE VIRGIN ISLANDS POLICE ) <br> DEPARTMENT, UNITED STATE OF AMERICA, ) <br> DRUG ENFORCEMENT ADMINISTRATION, ) <br> FEDERAL BUREAU OF INVESTIGATION, and ) <br> CLIFFORD GOODMAN, Law Enforcement ) <br> Officers Individually and in their Official Capacity, ) <br>   ) <br> Defendants. ) <br> _____) | CIV. NO.: 1:09-cv-00009 |

## MEMORANDUM OPINION AND ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

Finch, Senior Judge

## I. Introduction

THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendants United States of America, the U.S. Drug Enforcement Administration, Federal Bureau of Investigation, and Clifford Goodman, individually and in his official capacity (hereinafter "Federal Defendants"). Plaintiffs Tomas Melendez, Jr., Tomas Melendez Sr., Luz Melendez, Gerard Freemen, Yessenia Viera, Manuel Viera, Jr., and Tomas Melendez, IV, (collectively, "Plaintiffs") bring claims against Federal Defendants under federal civil rights laws, the Federal

Tort Claims Act, and local tort law for injuries allegedly sustained during a January 8, 2004 police raid. Federal Defendants seek dismissal of this lawsuit on the grounds that service was defective under Federal Rule of Procedure 4(i) and that the claims are time barred. Plaintiffs oppose the motion on the grounds that they have substantially complied with Rule 4(i). Having examined the Complaint, briefs prepared by the parties, and matters of which this Court may take judicial notice, the Court grants Federal Defendants' Motion to Dismiss.

II. **Factual and Procedural Background**

Plaintiffs allege that, on or about January 8, 2004, a combined force of law enforcement officers, acting as agents of Federal Defendants, executed a raid on Plots No. 21, 22, and 23 Estate Concordia, Frederiksted, U.S. Virgin Islands. (Compl. ¶ 17, Doc. 1.)[1] The raid was conducted pursuant to a search warrant issued for the search of Tomas Melendez, Jr., Plots No. 22 and 23 Estate Concordia, Plot No. 10 Hannah's Rest, and vehicles not specifically identified. (*Id.* ¶ 18.) The premises subjected to the search are owned by Tomas Melendez, Sr. and Luz Melendez, parents of Tomas Melendez, Jr. (*Id.* ¶¶ 19-20.) At the time of the raid, Tomas Melendez, Jr. lived in an apartment on Plot 22 which he rented from his parents. (*Id.* ¶ 20.) Tomas Melendez, Sr., Luz Melendez, Gerard Freeman, Yessenia Veria, Manuel Veria, Jr., and Tomas Melendez, IV, all live in various residences on Plot No. 22 Estate Concordia. (*Id.* ¶¶ 20-73.) Plaintiffs allege that during the course of the raid, they were verbally and physically assaulted by agents of the Federal Defendants. (*Id.* ¶¶ 46-73.)

On August 19, 2005, Plaintiffs filed a complaint against Federal Defendants. Plaintiffs failed to serve Federal Defendants within the 120-day time period mandated by Rule 4 of the

---

[1] Unless otherwise noted, all document references are to Case No. CIV. NO.: 1:09-cv-00009.

Federal Rules of Civil Procedure.[2] (Pl.'s Opp. ¶ 2, Doc. 21.) After the Magistrate Judge issued an Order to Show Cause for Plaintiffs' failure to comply with Rule 4, Plaintiffs served Federal Defendants on March 29, 2006. (Case No. 1:05-cv-00122, Doc. 49.)[3] Federal Defendants then moved to dismiss based on Plaintiff's untimely service, which this Court granted on January 23, 2009. (*Id.*) On February 24, 2009, Plaintiffs filed the instant complaint, alleging the identical causes of action.

### III. Discussion

#### A. Statute of Limitations

A statute of limitations defense may form the basis of a motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994). A court reviewing a motion to dismiss on statute of limitations grounds must determine whether "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

---

[2] Unless otherwise indicated, all further references to the rules are to the Federal Rules of Civil Procedure.

[3] In reviewing a motion to dismiss, a court may take judicial notice of prior orders. *See* FED. R. EVID. 201(c); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3rd Cir. 1994) (citations omitted).

### 1. Defendants' Section 1983 Claim is Untimely

Section 1983 of Title 42 of the United States Code provides injured parties with a federal cause of action against anyone who, acting under the color of state law, deprives them of their civil rights. 42 U.S.C. § 1983.[4] Although a section 1983 claim is brought as a federal claim, courts look to state law for the applicable statute of limitations. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)). "The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries." *Cito,* 892 F.2d at 25 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). The Third Circuit has held that claims brought under 42 U.S.C. § 1983 in the Virgin Islands are subject to a two-year statute of limitation provided for in 5 V.I.C. § 31(5)(A),[5] the Virgin Islands statute of limitations for personal injury claims. *See Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir.1989).

"[T]he [section 1983] tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quoting *Wallace*, 549 U.S. at 391); *see Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (holding that a section 1983 cause of action accrues

---

[4] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

[5] 5 V.I.C. § 31(5)(A) provides that "[a]n action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated . . . shall only be commenced within . . . [t]wo years" of its accrual.

when the plaintiff "has a complete and present cause of action," in other words, when "the plaintiff can file suit and obtain relief.").

The arrests and searches giving rise to Plaintiffs' claims all took place on January 8, 2004. (Compl. ¶ 17.) Accordingly, Plaintiffs claims accrued on that date. *See, e.g., Torres v. McLaughlin*, 163 F.3d 169, 176 (3d Cir. 1998) ("[F]or statute of limitations purposes, a § 1983 claim for false arrest accrues on the date of the plaintiff's arrest."). However, this action was not filed until February 24, 2009, and is thus well outside the two-year statute of limitations. Because Plaintiffs failed to meet the two year statute of limitations, their claims are time barred unless the doctrine of equitable tolling applies. *See Jensen v. V.I. Water & Power Auth.*, 2009 V.I. Supreme LEXIS 48, at *14 (V.I. 2009) (reversing Superior Court for failing to apply equitable tolling analysis to motion to dismiss claims on statute of limitations grounds).

Virgin Islands law allows a trial court to equitably toll a claim if three factors are met: (1) the first action must give defendants timely notice of plaintiff's claim; (2) the lapse of time between the filing of the first and second actions must not prejudice the defendant; and (3) the plaintiff must have acted reasonably and in good faith in prosecuting the first action, and must have exercised diligence in filing the second action. *Island Insteel Sys. v. Waters*, 296 F.3d 200, 218 (3d Cir. 2002) (announcing the three factor test and stating that it applies in cases where the plaintiff mistakenly files the first claim in a court that lacks personal jurisdiction); *Jensen,* 2009 V.I. Supreme LEXIS 48, at *14 (extending the *Island Insteel* test to apply "when a complaint is dismissed for any reason not related to the merits"). However, as the *Island Insteel* court recognized, application of the equitable tolling test is "highly fact-specific and thus application of this equitable doctrine is generally committed to the discretion of the trial court in the first

5

instance." *Jensen*, 2009 V.I. Supreme LEXIS 48 at *15 (quoting *Island Insteel*, 296 F.3d at 218) (internal quotations omitted).

### i. Plaintiffs Have Not Met the First *Island Insteel* Element

Under the first *Island Insteel* element, equitable tolling applies "only if the filing of the first action put the defendant on notice within the limitations period." *Island Insteel*, 296 F.3d at 218. The first action was filed on August 19, 2005, within the statute of limitations. (*See* Complaint, Case No. 1:05-cv-00122, Doc. 1.) However, Plaintiffs failed to serve Defendants until March 29, 2006, nearly three months after the statute of limitations had expired. (*See* Summons dated March 29, 2006, 1:05-cv-00122, Doc. 6; Order to Show Cause dated March 20, 2006, Case No. 1:05-cv-00122, Doc. 2 ("Plaintiffs have not issued Summons nor provided any proof of service on Defendants as provided in Fed. R. Civ. P. 4(l) & (m)").) Accordingly, Defendants have not met the first *Island Insteel* element.

### ii. Plaintiffs Have Met the Second *Island Insteel* Element

Following the dismissal of the first complaint against the Federal Defendants on January 23, 2009, Plaintiffs filed the instant complaint on February 24, 2009, meeting the second *Island Insteel* requirement that the plaintiff not delay in re-filing the claim. *See Tutu Park*, 51 V.I. at 708 (finding that the short amount of time between dismissal and filing, along with a lack of complaint from defendant about being prejudiced by the delay was enough to meet the second *Island Insteel* factor).

### iii. Plaintiffs Have Not Diligently Prosecuted These Actions

The final *Island Insteel* factor is that "the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Island Insteel*,

6

296 F.3d at 218. As used by the *Island Insteel* Court, acting "reasonably and in good faith" requires "diligence." *Id*. at 205 (describing equitable tolling doctrine as one that "avoids the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction."); *see also Williams*, 51 V.I. at 707 (noting that equitable tolling could apply to "a plaintiff exercising reasonable diligence" who "ma[d]e a mistake regarding the existence of subject matter jurisdiction.").

The facts of this case show a thorough lack of diligence, reasonableness and good faith on the part of Plaintiffs. Plaintiffs' first complaint against the Federal Defendants was dismissed for failure to issue proper service, a defect entirely within the control of plaintiffs. (Case No. 1:05-cv-00122, Doc. 49.) In the dismissal order, this Court pointed out that Plaintiffs "did not even make a belated attempt to show good cause" as to why they had failed to comply with Rule 4(i). (*Id.*) Furthermore, that dismissal came after Plaintiffs had already been subject to an Order to Show Cause for failure to prosecute. (*See* Case No. 1:05-cv-00122, Doc. 2.) The equitable tolling doctrine was designed to protect litigants from being deprived of a right to sue through no fault of their own; not to give a second chance to those who have neglected to diligently pursue their rights. *Lovelace v. Acme Markets, Inc.*, 1988 U.S. Dist. LEXIS 576, at *7 (E. D. Pa. 1988) (refusing to apply equitable tolling where plaintiff's first suit was dismissed because of his failure to properly serve defendants); *Thach v. Tiger Corp*., __F.3d__, 2010 WL 2508606, at *5 (8th Cir. 2010) (declining to equitably toll the statute of limitations because plaintiff had not acted reasonably in arranging for service of process only four days before three year statute of limitations expired); s*ee also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("The simple fact is that [plaintiff] was told three times what she must do to preserve her claim,

and she did not do it.  One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Hanani v. State of N. J. Dept. of Envtl. Prot.*, 205 F. App'x 71, 77-78 (3d Cir. 2006) (unpublished) (finding that the plaintiff was not diligent enough to justify application of equitable tolling where she was told to inquire further into her claim, and did not, allowing the statute of limitations to run);  *Donovan v. Henderson*, 45 F. App'x 178, 180 (3d Cir. 2002) (unpublished) (finding plaintiff had failed to act diligently where she "received fair warning of the risk for failing to comply yet let the deadline run.").

Plaintiffs' lack of diligence regarding this second lawsuit is demonstrated by their failure to timely respond to an Order to Show Cause (*see* Docs. 13 and 16), their failure to address the statute of limitations claim raised in Federal Defendants' Motion to Dismiss, and their failure to raise the issue of equitable tolling on their own.  Plaintiffs have failed to show that they acted reasonably, in good faith, and diligently in pursuing their claims.  Because Plaintiffs do not meet the first and third element of the *Island Insteel* equitable tolling test, their section 1983 claims are barred by the statute of limitations.  Accordingly, Plaintiffs' section 1983 claims are dismissed with prejudice.

### 2. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Federal Tort Claims Act Claims

Although the Federal Tort Claims Act ("FTCA") allows plaintiffs to file tort claims against the United States, the plaintiff must first file a claim with the appropriate administrative agency, and must do so within two years of the claim's accrual.[6]  28 U.S.C. §§ 2675(a),[7]

---

[6] A claim under the FTCA accrues when the claimant learns of the injury and its immediate cause.  *Zelzenik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985); *see also United States v. Kubrick*, 444 U.S. 111, 117-118 (1979).

8

2401(b);[8] *Pascale v. United States*, 998 F.2d 186, 188 (3d Cir. 1993). This rule is strictly construed and the FTCA requires that a claimant completely exhaust their administrative remedies prior to filing a suit in court. *McNeil v. United States*, 508 U.S. 106, 111-112 (1993) ("The most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). The six month statute of limitations for filing a FTCA claim in federal court is not triggered until a claimant's administrative remedies are exhausted. 28 U.S.C. § 2401(b); *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009); *Pascale*, 998 F.2d at 192-193 ("As long as a claimant files an administrative claim within two years of its accrual and the agency does not send notice of final denial, the claimant may wait indefinitely before filing suit.").

"[U]nless a tort claim is first presented to the appropriate administrative agency, the court lacks subject matter jurisdiction over the claim asserted against the United States." *Com. of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir. 1975), overruled on other grounds, 659 F.2d 306 (3d Cir.1981), cert. denied, 458 U.S. 1121, (1982); *see McNeil*, 508 U.S. at 113 (affirming district court's dismissal of petitioner's case where petitioner had "failed to heed [the] clear statutory command" of the FTCA); *Livera v. First National State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989) (FTCA requirement that a claimant first

---

[7] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his [or her] office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . ." 28 U.S.C. § 2675(a).

[8] A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b).

present an administrative claim to the appropriate federal agency before commencing suit in federal court is a jurisdictional requirement that cannot be waived); *Dreakward v. Chestnut Hill Hosp.*, 427 F. Supp. 177, 178 (E.D. Pa. 1977) ("Filing a proper administrative claim is an absolute and unwaiveable jurisdictional prerequisite to filing and maintaining an action under [the FTCA]") (citation omitted).

Furthermore, a plaintiff bringing an FTCA claim must affirmatively plead exhaustion of administrative remedies. *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir.1996) (holding that FTCA must be dismissed where plaintiff failed to plead exhaustion); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir.1987) (holding that plaintiff must plead compliance with procedural prerequisites of FTCA claim); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, [citation] and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite.") (internal citation omitted); *see also Livera,* 879 F.2d at 1195 (burden of proof to establish presentment of the claim lies with the plaintiff.)

Plaintiffs' complaint is silent on whether they filed a claim with the appropriate administrative agencies. Rule 12(h)(3)[9] places the court under a continuous duty to dismiss actions whenever it appears that the court lacks subject matter jurisdiction. *See Kontrick v. Ryan*, 540 U.S. 443 (2004) (holding that subject matter jurisdiction may be raised *sua sponte* by the court at any stage of litigation) (citations omitted). Because Plaintiffs have not pleaded or otherwise shown compliance with section 2675(a)'s administrative filing requirement, this Court

---

[9] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12 (h)(3).

lacks subject matter jurisdiction to entertain Plaintiffs' FTCA claim. Accordingly, Federal Defendants' motion to dismiss the FTCA claim is granted without prejudice. The Court grants Plaintiffs leave to amend their complaint to identify facts demonstrating that they have complied with the requirements of 28 USC § 2675(a). *See Gillespie*, 629 F.2d at 640 (granting plaintiff leave to amend complaint to add allegations regarding administrative exhaustion).

### 3. Plaintiffs' Virgin Islands Tort Law Claims Are Untimely

Plaintiffs' Complaint indicates that the claims appearing after Count I "are filed pursuant to the Virgin Islands Tort Claims Act." (Compl. ¶ 80. ) However, by its language, the Virgin Islands Tort Claims Act does not apply to claims against Federal officers.[10] Therefore the Court assumes that Plaintiffs' claims for Assault and Battery (Count II), False Arrest (Count III), False Imprisonment (Count IV), Negligent Infliction of Emotional Distress (Count V), and Negligence (Count VI), at least as they apply to the Federal Defendants, were not intended to be brought under the Virgin Islands Tort Claims Act. Regardless of this generous assumption, these various tort claims are still time barred, as the statute of limitations for tort claims not arising out of contract is two years. 5 V.I.C. § 31 (5)(A) (stating that "[a]n action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated" is subject to a two year statute of limitations); *Farber v. City of Paterson*, 440 F.3d 131, 144 (3d Cir. 2006) ("V.I.Code Ann. tit. 5, § 31(5)(A) [] provides a general catch-all two-year statute of limitations for tort actions."). Accordingly, these claims against the Federal Defendants must be dismissed.[11]

---

[10] "[A] claim to recover damages… for personal injury caused by the tort of an *officer or employee of the Government of the United States Virgin Islands* while acting as such officer or employee… shall be filed within two years after the accrual of such claim." 33 V.I.C. § 3409 (emphasis added).

[11] Equitable tolling does not apply to these claims for the same reasons stated above.

## IV. Conclusion

The Court finds that Plaintiffs' section 1983 and local tort law claims are barred by the applicable two year statute of limitations. The Court also finds that Plaintiffs have failed to demonstrate compliance with the FTCA's administrative exhaustion requirement.[12] Accordingly, it is hereby **ORDERED** that,

Plaintiffs' section 1983 claims against Federal Defendants are **DISMISSED WITH PREJUDICE**;

Plaintiffs' tort law claims (Assault and Battery (Count II); False Arrest (Count III); False Imprisonment (Count IV); Negligent Infliction of Emotional Distress (Count V); and Negligence (Count VI)) against Federal Defendants are **DISMISSED WITH PREJUDICE;**

Plaintiffs' FTCA claims against Federal Defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall have thirty days from the date of this Order to amend their complaint to identify facts demonstrating that they have complied with the requirements of 28 U.S.C. § 2675(a).

ENTER:

Dated: July 26, 2010  _____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[12] Because all claims against the Federal Defendants are dismissed, the Court does not reach the issue of service under Rule 4(i).